# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Dontae Smith,<br><br>        Petitioner,<br><br>v.<br><br>David Shinn,<br><br>        Respondent. | No. CV-21-00509-PHX-ROS<br><br>**ORDER** |

Petitioner Douglas Dontae Smith filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Magistrate Judge Michael T. Morrissey filed a Report and Recommendation finding the petition should be denied. Petitioner filed some objections. For the following reasons, Magistrate Judge Morrissey's recommendation will be adopted.

**I.     Factual Background**

There are three convictions relevant to Petitioner's petition. The sequence of events is difficult to follow because Petitioner committed crimes while he was on probation for earlier crimes. Thus, proceedings often involved Petitioner's probation being revoked and sentenced to prison while Petitioner was also being sentenced for the additional crimes he had committed. The following is a brief overview of three overlapping prosecutions.

First, in 2010, Petitioner was indicted for kidnapping and sexual assault, and on April 29, 2011, Petitioner pled guilty to attempted influencing of a witness (Count 1) and attempted sexual assault (Count 2).[1] (Doc. 9-1 at 7). He was placed on two years' probation

---
[1] Case number: CR-2010-162784.

for Count 1 and lifetime probation for Count 2. In 2014, based on the conduct charged in the 2013 case discussed next, the Court revoked Petitioner's probation and sentenced him to 1 year in prison on Count 1 and 3.5 years in prison for Count 2. Petitioner was not given additional probation in the 2010 case. (Doc. 9-1 at 27). For present purposes, it is important to note that the one-year prison sentence on Count 1 was unlawful because Petitioner had been discharged from probation before he committed the acts that prompted revocation. (Doc. 9-3 at 109).

Second, on November 20, 2013, Petitioner pled guilty to attempted sexual assault (Count 1) and attempted kidnapping (Count 2).[2] (Doc. 9-1 at 34). Consistent with the plea agreement, Petitioner was sentenced to lifetime probation for Count 1 and 3.5 years in prison for Count 2. The 3.5 year sentence was to be served concurrently with the 3.5 year sentence on Count 2 of the 2010 case.

After being released from prison in June 2017, Petitioner pled guilty to possession of marijuana and possession of drug paraphernalia in December 2017.[3] (Doc. 9-2 at 39). Based on those crimes, the trial court sentenced Petitioner to the presumptive sentence of 1.75 years in prison. Also, Petitioner was still on probation in the 2013 case. Thus, his probation on Count 1 from the 2013 proceeding was revoked and he was sentenced to 5 years in prison, to be served concurrently with his sentence in the 2017 case. (Doc. 9-2 at 26).

## II.     Post-Conviction Review (PCR) Proceedings

On April 3, 2018, Petitioner filed a notice of PCR in the 2017 case pursuant to Ariz. R. Crim. P. 32.4(a)(1). Appointed counsel found no colorable claim. In October 2018, Petitioner then filed a pro se petition in both the 2017 and 2013 cases.

The 2013 case had no active PCR proceeding, so the Court dismissed the PCR proceeding in that case as untimely under Ariz. R. Crim. P. 32.4(a)(2)(C), which provides a 90-day period from sentencing to file a notice of PCR. Petitioner had been informed of this at both of his sentencings for the 2013 case. (Doc. 9-2 at 15-16; Doc. 9-2 at 71). The

---

[2] Case Number: CR-2013-435355.
[3] Case Number: CR-2017-156087.

Arizona Court of Appeals granted review but denied relief to Petitioner, finding that the 2018 PCR petition was untimely by over 4 years from the original sentencing. Even assuming Petitioner was attempting to present arguments involving his 2018 re-sentencing when his probation was revoked, the petition was filed over six months after 2018 re-sentencing. Thus, all of Petitioner's challenges to matters involving the 2013 case were untimely. (Doc. 9-3 at 50-52).

With respect to Petitioner's 2017 case, the notice Petitioner filed in April 2018 was timely. However, the PCR court dismissed the PCR proceeding in the 2017 case, finding no colorable claim for relief; the Arizona Court of Appeals granted review but denied relief.

On April 9, 2020, Petitioner filed a second notice of PCR in both the 2013 and 2017 cases, but the court dismissed both as untimely and precluded.

### III.     Habeas Petition

On March 24, 2021, Petitioner filed a habeas petition in this Court under his 2013 case only. (Doc. 1). Petitioner raises five grounds for relief: (1) he was denied due process when the trial court failed to award him the correct amount of presentence incarceration credit in connection with the 2010 and 2013 cases and imposed an aggravated sentence in the 2017 case; (2) he received ineffective assistance of counsel in his 2013 case when his attorney failed to reasonably investigate Petitioner's incarceration credits and failed to raise an argument about his erroneous 2010 sentence; (3) his PCR counsel in the 2017 case was ineffective because he failed to adequately review the record to identify colorable claims; (4) he was denied due process when the court denied his PCR petition and petition for review; and (5) his sentencing on Count 1 of the 2010 case violated due process and Double Jeopardy. (Doc. 6 at 2-3; Doc 1 at 19-21).

Respondent answered that the Petition was untimely and procedurally defaulted, and that Petitioner was no longer in custody under the judgments challenged. (Doc. 9).

### IV.     R&R Findings, Objections, and Discussion

Magistrate Judge Morrissey filed a Report and Recommendation (R&R) on December 21, 2021, recommending the Court deny the habeas petition. (Doc. 14). A

district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* The district court need not, however, review the portions to which no objection is made. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003). Petitioner filed objections to Magistrate Judge Morrissey's R&R. (Doc. 15). Petitioner makes general objections to "all the Recommendations that den[y] Petitioner relief." (Doc. 15 at 1). But some specific objections are ascertainable and are discussed below.

**A. Ground 1**

Magistrate Judge Morrissey found that Ground 1 is non-cognizable and untimely, because whether Petitioner was entitled to a lesser sentence based on presentence incarceration credit is purely an issue of state law, which are non-cognizable on habeas review. Additionally, the claim is untimely under AEDPA, 28 U.S.C. § 2244(d)(1)(A), because Petitioner filed his habeas petition nearly two years after the one-year statute of limitations to do so had expired, and he is not entitled to statutory or equitable tolling.

Petitioner argues, presumably with respect to Ground 1, that by alleging violations of the Constitution and federal law, he has raised a cognizable claim for habeas review. Petitioner raises a general due process claim. However, that does not dispute or override the Magistrate Judge's finding that incarceration credits were purely an issue of state law. Even if Ground 1 were cognizable, however, the ground for relief is still untimely. Petitioner argues he is entitled to equitable tolling because he was denied access to information about his case. He claims his lawyer did not "make Petitioner aware of errors in the sentencing judgment for the 2010 and 2013 case" back in 2014, and that had he been aware, he "would have presented meritorious claims that would have entitled him to relief back in 2016" (because the claim would not have been untimely). (Doc. 15 at 7, 9). However, as Respondent notes, this does not answer or address why Petitioner's habeas claims before this court were untimely by nearly two years. Petitioner has not demonstrated he is entitled to equitable tolling.

**B. Grounds 2, 3, and 5**

Magistrate Judge Morrissey concludes the Court lacks jurisdiction to review Grounds 2, 3, and 5 because Petitioner is no longer in custody under the erroneous 1-year sentence imposed in 2014 for Count 1 of the 2010 case. In Ground 5, Petitioner argues the erroneous sentence deprived him of his rights to due process and protection from double punishment. In Grounds 2 and 3, Petitioner argues his counsel at sentencing for the 2010 case (in 2014) and his PCR counsel (in 2018) respectively failed to raise this error. Magistrate Judge Morrissey finds that since Petitioner served the sentences from the 2010 case, was released from prison in 2017, and was no longer under probation for any of the 2010 offenses, he was not "in custody" pursuant to the 2014 sentence on the 2010 case when he filed his habeas petition in 2021. Thus, he finds the Court lacks jurisdiction to address the claims made about that sentence.

Petitioner seems to object that being in custody at all gives the Court jurisdiction over all of his habeas claims, and that his erroneous 2010 sentence was allegedly used to aggravate his 2013 sentence, which means the Court does, in fact, have jurisdiction over Grounds 2, 3, and 5. Notably, the record does not support his contention that the sentence on Count 1 of the 2010 case was used to enhance his sentence on the 2013 case. (See Doc. 9-2 at 14-15). Additionally, it is unclear whether the Court would have jurisdiction over a completed sentence even if it were used to enhance a later sentence.

The Court agrees that there is no habeas jurisdiction over Ground 5, because this Ground stems directly from the propriety of the 2010 sentence itself, which was no longer in effect. *See, e.g.*, *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010) ("Section 2254(a)'s 'in custody' requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is under the conviction or sentence under attack at the time his petition is filed.") (quotations and citation omitted); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (habeas petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed").

However, in Ground 2, Petitioner raises arguments about his sentencing on January

- 5 -

13, 2014, when the Court imposed sentences for both the 2010 case and the 2013 case: 3.5 years for Amended Count 2 of the 2010 case to be served concurrently with 3.5 years for Count 2 of the 2013 case, both to be served consecutively to the erroneous one-year sentence on Count 1 of the 2010 case. Petitioner argues his counsel failed to investigate his pre-sentence incarceration credits and allowed him to serve the erroneous one-year sentence. (Doc. 1 at 9-10). To the extent Petitioner argues his counsel was ineffective in representing him on the 2010 sentencing itself, the Court agrees with Magistrate Judge Morrisey that there is no jurisdiction now over such an argument. However, if Petitioner is arguing instead that his 2013 sentence was negatively affected by the erroneous 2010 sentence, the court would presumably have jurisdiction because Petitioner was "in custody" regarding the 2013 sentence. Regardless, any such argument would be untimely under AEDPA, for the same reasons as in Ground 1.

And in Ground 3, Petitioner argues his PCR counsel in his 2018 PCR proceeding (related to his 2017 and 2013 cases) was ineffective for failing to raise the issue of the 2010 sentence. Thus, it seems there is not a jurisdictional bar to this Ground as there is for Ground 5. Ground 3 nevertheless fails for a variety of reasons, including: it was not exhausted in state court; the attempted PCR challenge to the 2013 case was untimely, but the habeas proceeding only seeks review of the 2013 case; and the PCR counsel was appointed only with respect to Petitioner's 2017 case, not his 2013 case. (*See* Doc. 9 at 22-23).

**C. Ground 4**

Lastly, Magistrate Judge Morrissey finds Ground 4 is procedurally barred and non-cognizable. Ground 4 asserts the state courts denied him due process by denying him relief in his PCR petition and petition for review. Magistrate Judge Morrissey finds that review of the as-of-right PCR proceeding for the 2013 case is procedurally barred, because the state court's denial of the petition as untimely was an independent and adequate state procedural rule. Review of the successive petitions is likewise non-cognizable, he finds, because there is no federal right to a successive PCR proceeding.

Petitioner argues he has demonstrated cause to excuse his procedural default on Ground 4, because he did not have the information about his erroneous 2010 conviction available to him in time for a timely PCR proceeding. This information was raised both in Petitioner's habeas petition, and in his response to Respondent's answer, so Magistrate Judge Morrissey presumably considered and rejected it when preparing the R&R. Moreover, Petitioner has not demonstrated any alleged ineffectiveness prevented him from raising the issue in a timely manner in state court.

Petitioner's objections are overruled.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 14) is **ADOPTED AS SET FORTH ABOVE.**

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** Petitioner's Motions seeking case status updates (Docs. 24 and 25) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED** because dismissal of the petition is justified by plain procedural bars and reasonable jurists would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** the Clerk of Court shall close this matter and enter judgment accordingly.

Dated this 31st day of August, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge